OPINION
{¶ 1} Appellant Jodie L. Rummell ("appellant") timely appeals the judgment entry of sentence of the Trumbull County Court of Common Pleas. Appellant pled guilty to the following: Count 1 — Forgery, Count 2 — Receiving Stolen Property, Count 3 — Identity Fraud. Appellant was sentenced to eight (8) months in prison on Counts 1 and 2 to be served concurrently. Appellant was sentenced to six (6) months in jail for Count 3 to be served concurrently with the prison sentences of Count 1 and Count 2.
 {¶ 2} Thus, Appellant was ordered to serve eight (8) months of incarceration as a result of the concurrent sentences. Appellant was sentenced March 3, 2005. Appellant was admitted to the Marysville Correctional Institution on March 11, 2005. Calculating appellant's sentence prospectively from the date of incarceration, appellant has served her sentence and is no longer incarcerated.
 {¶ 3} Appellant alleges three assignments of error for our review:
 {¶ 4} "[1.] The trial court erred to the prejudice of Defendant-Appellant by imposing a prison term for felonies of the fifth degree.
 {¶ 5} [2.] The trial court erred to the prejudice of Defendant-Appellant by imposing a prison term greater than the minimum provided by O.R.C. 2929.14(A).
 {¶ 6} [3.] The trial court erred to the prejudice of Defendant-Appellant by imposing the maximum jail term for a misdemeanor of the first degree where the record does not support the findings required by R.C. § 2929.21."
 {¶ 7} An appeal of a sentence is moot if the party challenging the sentence has served the imposed time. State v.Smith (March 22, 2002), 11th Dist. No. 2000-L-195, 2002-Ohio-1330. In review of appellant's assignments of error, the only challenge presented for review of this court involves the sentence imposed. Accordingly, appellant's appeal is now moot and should be dismissed.
 {¶ 8} On April 11, 2006, this court provided appellant ten (10) days to file a new submission indicating a valid reason why this appeal should proceed. This court cautioned that should appellant fail to respond within that prescribed period, this appeal would be dismissed immediately.
 {¶ 9} Appellant has failed to respond or file any documentation to support the ripeness of this appeal. Thus, it is the order of this court that the appeal is now moot due to the fact that appellant has served her sentence. Appellant's appeal is hereby dismissed as moot.
Ford, P.J., Grendell, J., concur.